**IMPORTANT NOTICE: Courtesy copies of documents you file should NOT be provided to any judge. All communications with the court SHALL ONLY be by document filed with the Clerk of Court. No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed.**

RECEIVED
IN ALEXANDRIA, LA
SEP 3 0 2010
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| DENNIS BAKER,<br>    Petitioner | CIVIL ACTION<br>NO. CV09-CV-00882 |
| VERSUS | |
| ALLEN CORRECTIONAL CENTER,<br>    Respondent | JUDGE DEE D. DRELL<br>MAGISTRATE JUDGE JAMES D. KIRK |

<u>REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE</u>

Before the court is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by pro se petitioner Dennis Baker ("Baker") on May 29, 2009 (Doc. 1) and amended on November 13, 2009 (Doc. 13). Baker is challenging his conviction, entered by a jury in the Louisiana Ninth Judicial District Court in Rapides Parish, Louisiana, on one count of possession of a firearm by a felon, for which he was sentenced to fifteen years imprisonment at hard labor without benefit of probation, parole or suspension of sentence. Baker is presently confined the Dixon Correctional Institute in Jackson, Louisiana.

In his original and amended petitions, Baker contends (1) he

had ineffective assistance of trial counsel, (2) there was insufficient evidence to support his conviction, and (3) whether the Court of Appeal's decision in his case was influenced by the belief that Baker had pending charges against him.

The Respondent answered the petition (Doc. 16). The Respondent admits Baker has exhausted his state court remedies (Doc. 16). Baker's habeas petition is now before the court for disposition.

## Statement of Facts

The facts of this case as set forth by the Louisiana Third Circuit Court of Appeal in <u>State v. Baker</u>, 06-1218 (La. App. 3d Cir.), 956 So. 2d 83, writs den., 2007-KH-0320, 07-KO-1116 (La. 2007), 967 So.2d 496, 969 So.2d 626, are set forth below in pertinent part:

> "From February 2005 to June 2005, Detective Buddy Willis of the Rapides Parish Sheriff's Office conducted an investigation of Defendant, a convicted felon, with regard to the illegal possession of firearms as a felon. In taped conversations between Defendant and his girlfriend, Sandra Rashall, during his incarceration in the Rapides Parish Correctional Facility on an unrelated charge, he indicated that he possessed guns prior to his incarceration.
>
> "On June 14, 2005, Detective Willis executed a search warrant and recovered a rifle from the home of Donna Hastings and a rifle from the home of Derek Belgard, which were allegedly possessed, in part, by the Defendant during the time of the investigation. A pistol was recovered from Rashall's residence."

## Rule 8(a) Resolution

This court is able to resolve the merits of this habeas corpus

petition without the necessity of an evidentiary hearing because there is no genuine issue of material fact that is relevant to the petitioner's claims, and the State court records provide the required and adequate factual basis necessary to the resolution of the habeas corpus petition. Moya v. Estelle, 696 F.2d 329, 332-33 (5th Cir. 1983); Easter v. Estelle, 609 F.2d 756, 761 (5th Cir. 1980); Habeas Corpus Rule 8(a).

### Standard of Review

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall be considered only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a).

Under 28 U.S.C. § 2254 and AEDPA, which is applicable to habeas petitions filed after its effective date on April 24, 1996, habeas relief is not available to a state prisoner with respect to a claim that was adjudicated on the merits in the State court proceedings unless the adjudication of the claim (1) resulted in a decision that was *contrary to*, or involved an *unreasonable application of*, clearly established Federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an *unreasonable determination* of the facts in light of the evidence presented in the State Court proceeding. Therefore, pure questions of law and mixed questions

of law and fact are reviewed under Section 2254(d)(1), and questions of fact are reviewed under Section 2254(d)(2). Martin v. Cain, 246 F.3d 471, 475-76 (5th Cir. 2001), cert. den., 534 U.S. 885, 122 S.Ct. 194 (2001), and cases cited therein. It is presumed that a state court's factual determinations are correct, and the habeas court may grant relief only if a factual determination is unreasonable based on the evidence presented to the state court. 28 U.S.C. § 2254; Horn v. Quarterman, 408 F.3d 306, 312 (5th Cir. 2007), cert. den., 553 U.S. 1020, 128 S.Ct. 2084 (2008).

A state court decision is "contrary to" clearly established Supreme Court precedent if the state court applies a rule that contradicts the governing law set forth in Supreme Court cases, or confronts a set of facts that are materially indistinguishable from a decision of the Supreme Court and nevertheless arrives at a result different from Supreme Court precedent. A state court decision falls within the "unreasonable application" clause when it unreasonably applies Supreme Court precedent to the facts. Martin, 246 F.3d at 476, and cases cited therein.

Law and Analysis

No. 1 - Ineffective Assistance of Counsel

Baker contends his trial counsel was ineffective because (1) his attorney failed to file any pretrial motions to have the taped telephone conversation suppressed because the State failed to disclose the existence of the tape until after the trial started,

(2) his attorney failed to properly cross-examine the state's key witness, Sandra Rashall, whom Baker contends perjured herself in order to have eleven felony charges against her dismissed, (3) his attorney failed to properly object to hearsay when the prosecutor asked Detective Willis if the gun found at Hastings' home was Baker's gun and he responded that Hastings said she had gotten the gun from Dennis, (4) his attorney failed to object to questions by the prosecutor and responses by a state witness concerning Baker's incarceration history, and (5) his attorney failed to impeach state witnesses when the detective stated Baker's conversation had not been recorded and Rashall denied that she had been arrested and charged with felonies in Rapides Parish.

To prevail on a habeas complaint of ineffective assistance of counsel a complainant must demonstrate that: (1) his counsel's performance was deficient; and (2) the deficient performance prejudiced his defense. A defendant is prejudiced if there is a reasonable probability that, but for counsel's unprofessional errors, the results of the proceedings would have been different. To make that determination the court must examine the proceedings as a whole, giving due consideration to the weight of the evidence supporting the verdict and evaluating the alleged failings of counsel in that total setting. The court does not assess any alleged error in isolation. In an examination of state proceedings under 28 U.S.C. § 2254 the court will not reject an adjudication on

the merits unless the action by the state court is found to be contrary to, or an unreasonable application of, clearly established federal law, or the state court's determination of the facts is manifestly unreasonable in light of the evidence. Jones v. Cain, 227 F.3d 228 (5th Cir. Oct. 2000), and cases cited therein.

A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight and to evaluate the conduct from counsel's perspective at the time. Dowthitt v. Johnson, 230 F.3d 733 (5th Cir. 2000), cert. den., 532 U.S. 915, 121 S.Ct. 1250 (2001), citing Strickland v. Washington, 466 U.S. 668, 689, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), 466 U.S. at 689. Thus, the court's scrutiny of counsel's performance is highly deferential. The court must be particularly wary of arguments that essentially come down to a matter of degrees, i.e., did counsel investigate enough or did counsel present enough mitigating evidence? Those questions are even less susceptible to judicial second-guessing. Dowthitt, citing Kitchens v. Johnson, 190 F.3d 698, 703 (5th Cir.1999).

In a habeas proceeding alleging ineffective assistance of counsel, the petitioner has the burden of proof. U.S. v. Chavez, 193 F.3d 375, 378 (5th Cir. 1999), citing Clark v. Collins, 19 F.3d 959, 964 (5th Cir. 1994), cert. den., 513 U.S. 966, 115 S.Ct. 432 (1994).

1.

Baker contends his attorney failed to file any pretrial motions to have the taped telephone conversations suppressed because the State failed to disclose the existence of the tape until after the trial started.[1]

The state court record contains a joint stipulation, dated July 22, 2005, between counsel for both parties, which states that the Assistant District Attorney had provided a copy of the entire State's file to defense counsel and agreed to provide any additional file material subsequently obtained (Doc. 16-5, p. 212). The stipulation further stated the defendant had received the file and notice of the State's intent to use all evidence included therein at trial, that production of the file constituted satisfaction of all possible discovery motions and requests, and that the defense also had a continuing obligation to disclose discoverable materials and defenses (Doc. 16-5, p. 212). Therefore, it is presumed the State disclosed the telephone conversation recordings pursuant to that stipulation and the trial transcript supports that conclusion, as discussed below.

Detective Buddy Willis, employed by the Rapides Parish Sheriff, testified at trial that he obtained recorded telephone conversations between Baker and Sandra Rashall which were transcribed (Doc. 16-6, pp. 290-291). It is clear from the record

---

[1] This issue was denied by the state court on post-conviction relief without any reasons given.

that the defense attorney was aware of the taped telephone conversation and was not surprised when the State introduced it into evidence at trial. The trial transcript shows that defense counsel had already agreed to allow the State to introduce the transcript of the recording into evidence instead of having the three hour recording played for the jury (Doc. 16-6, Tr. p. 292).

Therefore, there is no evidence to support Baker's contention that the State failed to disclose the recorded telephone conversation to defense counsel prior to trial or that he had ineffective assistance of counsel in this regard.

2.

Next, Baker contends his attorney failed to correctly cross-examine the state's key witness, Sandra Rashall, whom Baker contends perjured herself in order to have eleven felony charges against her dismissed. Specifically, Baker contends his attorney failed to cross-examine her concerning her felony charges and her deal with the State to testify in exchange for dismissing those charges.

On direct appeal, the state Court of Appeal found, and the trial record, shows that Baker's attorney questioned Rashall extensively about her criminal history and numerous pending charges, which she admitted (Doc. 16-8, pp. 358-367). The state Court of Appeal also found, and the record shows, that Rashall admitted she had previously testified against Baker and that

Detective Willis had not asked her to do so at this trial; she was doing so because she "didn't do these things on [her] own" (Doc. 16-8, pp. 369-370). See Baker, 956 So. 2d at 93-94. Rashall testified that no one had promised her anything (other than her safety) in exchange for her testimony (Doc. 16-8, pp. 354-356).

Therefore, Baker's claim that his attorney failed to cross-examine Rashall concerning the charges against her and any agreement with the District Attorney is erroneous. Baker has not shown that he had ineffective assistance of counsel.

3.

Next, Baker contends his attorney failed to timely object to Detective Willis' hearsay statement that Donna Hastings said she had obtained the gun found at her house from Baker.

Mere violation of evidentiary rules by the state trial court does not in itself invoke habeas corpus relief. Panzavecchia v. Wainwright, 658 F.2d 337, 340 (5th Cir. 1981). Thus, claims challenging the exclusion or inclusion of evidence based on state law do not afford a basis for federal habeas corpus relief. Federal habeas corpus review is limited to errors of constitutional dimension, and federal courts do not sit to review the mere admissibility of evidence under state law. In reviewing state court evidentiary rulings, the federal habeas court's role is limited to determining whether a trial judge's error is so extreme that it constituted a denial of fundamental fairness under the Due

Process Clause. <u>Castillo v. Johnson</u>, 141 F.3d 218, 222 (5th Cir.), cert. denied 524 U.S. 979, 119 S.Ct. 28 (1998), and cases cited therein.

What elevates the admission of improper evidence in a state criminal trial to a constitutional plane is at least two-fold. First, the mistake must be material in the sense of a crucial, critical, highly significant factor. Second, it must have some state complicity in it. <u>Shaw v. Estelle</u>, 686 F.2d 273, 275 (5th Cir. 1982), cert. den., 459 U.S. 1215, 103 S.Ct. 1215, 75 L.Ed.2d 453 (1983), and cases cited therein. Also, <u>Hills v. Henderson</u>, 529 F.2d 397 (5th Cir. 1976), cert. den., 429 U.S. 850, 97 S.Ct. 139, 50 L.Ed.2d 124 (1976). Cumulative evidence does not render a trial fundamentally unfair; there is no prejudice from cumulative evidence. See <u>U.S. v. Hall</u>, 152 F.3d 381, 402 (5th Cir. 1998), cert. den., 526 U.S. 1117, 119 S.Ct. 1767 (1999); <u>Carson v. Collins</u>, 993 F.2d 461, 465 (5th Cir.), cert. den., 510 U.S. 897, 114 S.Ct. 265 (1993); <u>State v. Howard</u>, 98-0064 (La. 4/23/99), 751 So.2d 783, 802, cert. den., 528 U.S. 974, 120 S.Ct. 420 (1999); <u>State v. Shelton</u>, 545 So.2d 1285, 1293 (La. App. 2d Cir.), writ den., 552 So.2d 377 (La. 1989).

At trial, the following colloquy took place:

"Q. Okay. Did you -- after you obtained the gun from Ms. Hastings did you obtain a tape-recorded statement from her?
"A. I did.
"Q. All right. And did she say where she got that gun from?

10

```
"A. She told me that she had got it from Dennis.
"Q. Okay. Now, --
"Mr. Slaughter:
     I object to that, You Honor, that's hearsay.
"The Court:
     Well, the objection is too late. It's already been
     asked and answered. Next question."
```

Hastings subsequently testified at trial that she had told Detective Willis that Baker let her borrow a gun (Doc. 16-8, Tr. pp. 374-375).

Since the alleged hearsay evidence from Detective Willis is clearly cumulative of Hastings' own testimony, Baker has not shown that the error rendered his trial "fundamentally unfair." Therefore, Baker has not shown that his attorney was ineffective for failing to do properly object to the hearsay.

4.

Baker contends his attorney failed to object to questions by the prosecutor and responses by Detective Willis stating Baker had been incarcerated since May 16, 2005.

Detective Willis testified that he arrested Baker on May 19, 2005 for burglary; Baker was incarcerated in Grant Parish when Willis arrested him (Doc. 16-7, pp. 315, 329-330). Willis testified that, according to the Grant Parish arrest records, Baker was been arrested by Grant Parish, pursuant to a warrant, on May 13, 2005 (Doc. 16-7, pp. 328-329); the Grant Parish police chief had called Detective Willis in Rapides Parish concerning the Grant Parish warrant for Baker, who was arrested by Grant Parish at the

11

Rapides parish Jail (Doc. 16-7, pp. 315-317). Detective Willis testified that, prior to his arrest by Grant Parish, Baker was free (Doc. 16-7, Tr. pp. 315-317, 329).

Since Willis spoke of the events from May 16 through May 19, that he had personal knowledge of due to his own participation in the events (see La.C.E. arts. 602, 802), there was no objection for defense counsel to make and Baker has not pointed to a specific objection that should have been made. Therefore, Willis has not shown his trial was rendered fundamentally unfair or that he had ineffective assistance of counsel.

5.

Baker contends his attorney failed to impeach state witnesses when the detective stated Baker's conversation had not been recorded and Rashall denied that she had been arrested and charged with crimes in Rapides Parish.

Detective Willis testified that, on the day he arrested Baker, May 19, 2005, Baker walked into his office, saw the gun Willis had seized, and asked Willis where he had gotten "Nugget's gun" (referring to Derek Belgard), to which Willis responded that Belgard had told Willis that Baker had sold the gun to him (Doc. 16-7, pp. 327, 330). Willis testified that Baker said that was a lie-Baker said he had only worked on Belgard's gun and given it back to him (Doc. 16-7, pp. 327, 330). Detective Willis testified that he did not record the May 19, 2005 conversation with Baker

because Baker had "blurted" it out (Doc. 16-7, p. 331); in other words, it was not a planned statement for which a recording was arranged. That was the only conversation Willis denied recording, Willis' explanation for the lack of recording was reasonable, the State did not introduce a recording of that conversation into evidence, and Baker has not adduced any evidence to show that it was actually recorded. Since Baker has not shown that Willis actually lied or that there was any evidence with which Willis could have been impeached, he has not shown that that his attorney was ineffective in failing to impeach Willis' statement that the May 19, 2005 conversation was not recorded.

Next, Baker contends his attorney was in effective for failing to impeach Rashall when she denied that she had been arrested and charged with crimes in Rapides Parish. However, when Rashall stated she did not remember her arrests or charges, she was impeached by defense counsel with her criminal history (Doc. 16-8, pp. 358-367). Since defense counsel did not fail to impeach Rashall, Baker has not shown that he had ineffective assistance of counsel.

Since Baker has not shown that he had ineffective assistance of trial counsel, this ground for relief is meritless.

No. 2 - Insufficient Evidence

Baker also argues there is insufficient evidence to support his conviction for (constructive) possession of firearms.

13

Specifically, Baker contends that, although he may have handled guns, they were not actually or constructively in his possession.[2]

Habeas relief on a claim of insufficient evidence is appropriate only if it is found that, upon the record evidence adduced at trial, no rational trier of fact could have found proof of guilt beyond a reasonable doubt. West v. Johnson, 92 F.3d 1385 (5th Cir. 1996), cert. den., 520 U.S. 1242, 117 S.Ct. 1847, 137 L.Ed.2d 1050 (1997), citing Jackson v. Virginia, 443 U.S. at 322-26, 99 S.Ct. at 2791-92. To apply this standard, the court looks to elements of the offense as defined by state substantive law. Donahue v. Cain, 231 F.3d 1000, 1004 (5th Cir. 2001). All credibility choices and conflicting inferences are to be resolved in favor of the verdict. A determination of a factual issue made by a State court shall be presumed correct, and the petitioner shall have the burden of rebutting the presumption of correctness by clear and convincing evidence. Ramirez v. Dretke, 398 F.2d 691, 693 (5th Cir. 2005).

To support a Louisiana conviction for possession of a firearm by a convicted felon, the state must prove: (1) the possession of

---

[2] Baker also contends the only evidence against him was from the transcripts of his telephone conversations with Sandra Rashall, which he alleges were deliberately altered because the District Attorney for Rapides Parish wanted the transcripts to support the charges. However, Baker has produced absolutely no evidence to support this claim. Detective Willis testified that he checked the transcript of the tapes for accuracy and retained possession of the tapes so they could not have been altered (Doc. 16-8, Tr. p. 389).

a firearm; (2) a previous conviction of an enumerated felony; (3) absence of the ten year statutory period of limitation; and (4) general intent to commit the offense. La.R.S. 14:95.2; State v. Husband, 437 So. 2d 269 (La. 1983). Constructive possession of a firearm satisfies the possessory element of this provision. State v. Day, 410 So.2d 741 (La. 1982).

Constructive possession is a term of legal art which describes the situation in which a person not in physical possession of a thing can, nevertheless, be considered to be in legal possession of the thing. Constructive possession occurs when the firearm is subject to the defendant's dominion and control. A person may be deemed to be in joint possess of a thing which is in the physical custody of a companion if he wilfully and knowingly shares with the other the right to control it. State v. Cann, 319 So.2d 396, 397 (La. 1975). Even if the persons's dominion over the weapon is only temporary in nature and if control is shared, constructive possession exists. However, mere presence of a defendant in an area where a firearm is discovered does not necessarily establish possession. State v. Vassar, 07-KA-171 (La. App. 5th Cir. 2007)m 966 So.2d 654, writ den., 2007-KH-2132 (La. 2008) 988 So.2d 260. The State must prove that the offender was aware that a firearm was in his presence and that he had the general criminal intent to possess the weapon, i.e., a knowing or intentional possession is necessary. State v. Evans, 29,675-KA, 29-676-KA (La. App. 2d Cir.

1997), 700 So.2d 1039, 1043, writ den., 97-K-2942 (La. 1998), 705 So.2d 1121.

Testimony by Ray Delcomyn, a fingerprint expert, and Janice Elkins, the custodian of records for the Louisiana Department of Corrections, showed Baker was previously convicted of burglary and sentenced to a total of six years at hard labor in July 1991, and was released in August 2002 Doc. 16-6, pp. 274-281, 282-285), establishing both the prior enumerated felony conviction and that the ten year "cleansing period" had not run at the time Baker possessed a firearm.

To show constructive possession, the taped telephone conversations between Baker (who was in jail at the time) and Rashall were introduced, through Detective Willis, to show they had discussed using and cleaning their guns (Doc. 16-7, pp. 297-298, 302-303, 306-307, 310). Detective Willis also testified concerning the guns he seized from Rashall's and Hastings' homes (Doc. 16-7, pp. 320-321). Rashall and Hastings both testified that Rashall had moved in with Baker and lived with him, and they had a gun in their house (Doc. 16-7, Tr. pp. 351-353, 367-368). Hastings testified that Baker had told Hastings she could borrow Rashall's gun, indicating Baker's knowledge that the gun was there and his apparent shared dominion and control over that gun (Doc. 16-8, Tr. pp. 374-382). It is also noted that Baker states in his brief that he "may have" handled several guns (but arguing that did not

16

constitute possession), and Detective Willis testified that Baker stated he had worked on Belgard's gun (Doc. 16-7, Tr. p. 327). Obviously, Baker had to have actual possession of a gun to work on it or to handle it.

Viewing all of the evidence in the light most favorable to the verdict, there was sufficient evidence introduced at trial to support all elements of the offense for which Baker was convicted., including possession  Therefore, this ground for habeas relief is meritless.

<u>No. 3 - Pending Charges</u>

In his amended habeas petition, Baker questions why the Louisiana Third Circuit Court of Appeal was unaware the Rapides Parish District Attorney had dismissed the pending charges against him and whether the Court of Appeal's decision in his case was influenced by the belief that Baker had pending charges against him.

Federal review of state convictions is confined to the narrow standards of due process. <u>Smith v. McCotter</u>, 786 F.2d 697, 700 (5th Cir. 1986); <u>Trussell v. Estelle</u>, 699 F.2d 256, 259 (5th Cir.), cert. den., 464 U.S. 853, 104 S.Ct. 168, 78 L.Ed.2d 153 (1983). Moreover, in <u>Haynes v. Butler</u>, 825 F.2d 921, 923-24 (5th Cir. 1987), cert. den., 484 U.S. 1014, 108 S.Ct. 717 (1988), the court stated the following standard by which a federal habeas court may review a state trial court's sentencing decision:

17

> "Although wide discretion is accorded a state trial court's sentencing decision and claims arising out of that decision are not generally constitutionally cognizable, relief may be required where the petitioner is able to show that the sentence imposed exceeds or is outside the statutory limits, or is wholly unauthorized by law. If a sentence is within the statutory limits, the petitioner must show that the sentencing decision was wholly devoid of discretion or amounts to an 'arbitrary or capricious abuse of discretion,' or that an error of law resulted in the improper exercise of the sentencer's discretion and thereby deprived the petitioner of his liberty."

Baker refers to the appellate court's review of his claim on direct appeal that an excessive sentence had been imposed, citing the appellate court's reference to the sentencing court's review of Baker's "prior criminal history which included nine felony convictions in addition to pending charges of two counts of aggravate burglary, six counts of burglary of a dwelling, and four counts of theft over five hundred dollars." The Court of Appeal then cited Baker's extensive criminal history, but not the pending charges, as well as his propensity for illegal activity and the recorded telephone conversations which reflected a total disregard for the law, in finding the trial court did not abuse its broad sentencing discretion. State v. Baker, 956 So.2d at 89-90.

There is no basis for this court to conclude the Court of Appeal was influenced by the charges which had been pending against Baker but were later dismissed. Baker has not shown that his sentence was outside the statutory range, that the sentencing decision was wholly devoid of discretion or an abuse of discretion,

18

or that an error of law resulted in the improper exercise of the sentencer's discretion. Therefore, this ground for habeas relief is also meritless.

## Conclusion

Based on the foregoing discussion, IT IS RECOMMENDED that Baker's habeas petition be DENIED AN DISMISSED WITH PREJUDICE.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the district judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Alexandria, Louisiana, on this 29th day of September, 2010.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE